IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY C. LANE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 4:14CV00657-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Jeffrey Lane, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. This review function is extremely limited. The court's function on review is to determine whether the commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the commissioner's decision as well as evidence that supports it; a court may not, however, reverse the commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary.

1

After careful consideration of the record as a whole, I find that the decision of the Commissioner is supported by substantial evidence. This case is a close call and it appears to have been a close call for the ALJ. (Tr. 68-70.) Mr. Lane clearly suffers from a number of medical issues and has documented pain and limitation. But given the record as a whole, I find no error in the ALJ's decision.

In support of his Complaint, Plaintiff argues that the Administrative Law Judge (ALJ) erred by: 1) concluding his past relevant work as a fast food worker amounted to substantial gainful activity (Pl.'s Br. At 7-8); 2) failing to make explicit finding as to the physical and mental demands of this past relevant work (*Id.* at 8-9); 3) failing to develop the record when determining Plaintiff's residual functional capacity (*Id*. at 10–12); and 4) failing to properly assess his credibility (*Id*. at 12-14.)

Mr. Lane's arguments regarding his past relevant work in the fast food industry are without merit. While he is correct that his monthly average income falls below the posted guidelines, this work may still be considered substantial gainful activity. As the United States Court of Appeals for the Eighth Circuit said in *Reeder v. Apfel*:

> Even assuming [Plaintiff's] earnings were below the guidelines, we find no error here. "Although earnings below the guidelines will 'ordinarily' show that an employee has not engaged in substantial gainful activity, earnings below the guidelines will not conclusively show that an employee has not engaged in substantial gainful activity." *Pickner v. Sullivan*, 985 F.2d 401, 403 (8th Cir.1993) (citing 20 C.F.R. § 404.1574(a)(1)). The regulations state that work may be considered substantial even if it is part-time, *see id.* § 404.1572(a). . . .

214 F.3d 984, 989 (2000.)

And regarding the ALJ's assessment of the demands of fast food work, I find no error. A claimant who cannot perform the exertional requirements of their particular past job is not necessarily unable to perform this work as it is generally performed in the national economy. Social

Security Ruling 82–61[1] says an ALJ may conclude a claimant is capable of returning to their past relevant work even if their specific job was more difficult. It states:

> A former job performed [ ] by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

See *Evans v. Shalala*, 21 F.3d 832, 834 (8th Cir.1994) ("[E]ven though Evans cannot perform the actual demands of his particular past relevant work, if the ALJ finds he can carry out his job as performed generally within the national economy, he is not disabled under the regulations.").

Mr. Lane also believes the ALJ failed to develop the record. Clearly the ALJ struggled with this part of the process. At the administrative hearing, the ALJ stated, "Frankly I would order a consultative examination of some kind to get into those issues, but I have no idea what I would ask for or what kind of doctor I would use." (Tr. 68.)

And while Plaintiff raises a fair argument, he is reminded that a Social Security claimant bears the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). The fact that Mr. Lane did not obtain (or, as far as the record reflects, try to obtain) any additional evidence on these points suggests that it has only minor importance. See *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any

---

[1] Of note is the Policy Statement of Social Security Ruling 82–61 that states a claimant is not disabled when their RFC permits them to perform "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy."

<u>medically determinable</u> physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A)(emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Plaintiff bears the burden of establishing a physical or mental impairment that has lasted twelve months or more and has prevented him from engaging in any substantial gainful activity. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 1382c(3)(A)(B). Given the totality of the evidence, I find Plaintiff has not met his burden of proving disability.

Finally, although Mr. Lane disagrees, I find the ALJ's credibility assessment was proper. The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). (Tr. 19-22.)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>   2. the duration, frequency and intensity of the pain;
>   3. precipitating and aggravating factors;
>   4. dosage, effectiveness and side effects of medication;
>   5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

The records fail to show a medical condition that is completely disabling. The inconsistencies

4

between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007); *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

The ALJ's credibility analysis was proper. He followed the law and regulations, made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. *E.g., Finch v. Astrue*, 547 F.3d 933, 935-36 (8th Cir. 2008); *Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 17th day of June, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE